JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ANDREA WHITEFIELD

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert P. Cocco, P.C.,
1500 Walnut St., Ste.900, Philadelphia, PA 19102
215-351-0200

## DEFENDANTS

SETERUS INC.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☑ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product          Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument |   Liability   ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &          Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|   & Enforcement of Judgment |   Slander          Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'          Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |   Liability   ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|   Student Loans | ☐ 340 Marine          Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
|   (Excludes Veterans) | ☐ 345 Marine Product          Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |   Liability   **PERSONAL PROPERTY** | | | ☐ 480 Consumer Credit |
|   of Veterans Benefits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract |   Product Liability   ☐ 380 Other Personal | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal          Property Damage | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |   Injury   ☐ 385 Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury -          Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| |   Medical Malpractice | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | Leave Act | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | ☐ 791 Employee Retirement | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | Income Security Act | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/          Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability |   Accommodations   ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| |   Employment   **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |   Other   ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☑ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation -
Transfer

☐ 8  Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 15 U.S.C. §227 et seq.

Brief description of cause: inaccurate credit reporting dispute

## VII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☑ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE   1/15/19

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| ANDREA WHITEFIELD | : | CIVIL ACTION |
| v. | : | |
| | : | |
| SETERUS INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)     Habeas Corpus -- Cases brought under 28 U.S.C. §2241
through §2255.                                                                                      (     )

(b)     Social Security -- Cases requesting review of a decision of the Secretary of Health and Human
Services denying plaintiff Social Security Benefits.                                 (     )

(c)     Arbitration -- Cases required to be designated for
arbitration under Local Civil Rule 8.                                                        (     )

(d)     Asbestos -- Cases involving claims for personal
injury or property damage from exposure to asbestos.                       (     )

(e)     Special Management -- Cases that do not fall into
tracks (a) through (d) that are commonly referred to
as complex and that need special or intense management
by the court. (See reverse side of this form for a
detailed explanation of special management cases.)                         ( X  )

(f)     Standard Management -- Cases that do not fall into any
one of the other tracks.                                                                        (     )

_1/15/19_                                    _____
(Date)                                          Attorney-at-law

                                                        ROBERT P. COCCO, ESQ.          .
                                                        Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 5138 Kershaw St., Philadelphia, PA 19131 _____

Address of Defendant: _____ C/O CT Corporation System, 116 Pine St., Ste. 320, Harrisburg, PA 17101 _____

Place of Accident, Incident or Transaction: _____ 5138 Kershaw St., Philadelphia, PA 19131 _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ n/a _____        Judge: _____        Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?                                                                   Yes ☐   No ☑

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?                                       Yes ☐   No ☑

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?                            Yes ☐   No ☑

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?                                                                           Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/15/2019 _____        *[signature]* _____        61907 _____
                              *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

*A.*  *Federal Question Cases:*

☐   1.   Indemnity Contract, Marine Contract, and All Other Contracts
☐   2.   FELA
☐   3.   Jones Act-Personal Injury
☐   4.   Antitrust
☐   5.   Patent
☐   6.   Labor-Management Relations
☐   7.   Civil Rights
☐   8.   Habeas Corpus
☐   9.   Securities Act(s) Cases
☐   10.  Social Security Review Cases
☑   11.  All other Federal Question Cases
         *(Please specify):* _____ FCRA _____

*B.*  *Diversity Jurisdiction Cases:*

☐   1.   Insurance Contract and Other Contracts
☐   2.   Airplane Personal Injury
☐   3.   Assault, Defamation
☐   4.   Marine Personal Injury
☐   5.   Motor Vehicle Personal Injury
☐   6.   Other Personal Injury *(Please specify):* _____
☐   7.   Products Liability
☐   8.   Products Liability – Asbestos
☐   9.   All other Diversity Cases
         *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ ROBERT COCCO _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑   Relief other than monetary damages is sought.

DATE: 01/15/2019 _____        *[signature]* _____        61907 _____
                              *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA WHITEFIELD,<br><p style="text-align:center">Plaintiff,</p><br>v.<br><br>SETERUS INC.<br><p style="text-align:center">Defendant.</p> | CIVIL ACTION<br><br>NO.<br><br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT – CLASS ACTION

### I.  INTRODUCTION

1.      Plaintiff brings this class action against Defendant Seterus Inc. ("Seterus") to obtain relief for herself and the class she proposes to represent for improper debt collection practices of Seterus.

2.      Plaintiff's claims involve Seterus' breach of standard and uniform mortgage contracts and its unjust enrichment by imposing and collecting sums it is not entitled to collect and thereby enriching itself to the wrongful detriment of the Plaintiff and the putative class members.

3.      SETERUS was previously sued and subject to private attorney general enforcement actions for adding unauthorized fees to mortgage borrower accounts and based upon these prior suits it has actual knowledge and appreciation that its practices described herein are unfair, deceptive, or otherwise unjustified but has acted contrary to that knowledge. *See e.g. Trunzo v. Phelan Hallinan and Schmieg, LLP,* Case no. 2:11-cv-01124 (U.S.D.C. Ed. PA); *In re Cawood,* 577 B.R. 538 (Bankr. E.D. Tenn. 2017).

## II.   JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 28 U.S.C.A. § 1331 since certain of the claims asserted herein arise under the laws of the United States.  Further, the Court may elect to retain supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.A. § 1367 since those claims are so related to the federal claims asserted herein that they form part of the same case and controversy.

5.      Venue is appropriate in this Court pursuant to 28 U.S.C.A. § 1391 because a substantial portion of the events or omissions giving rise to the claims before the Court occurred in this District.

## III.   PARTIES

6.      Andrea Whitefield is a natural person, who resides at 5138 Kershaw St., Philadelphia, PA 19131 ("the Property").

7.      Defendant SETERUS INC. ("SETERUS") is a wholly-owned subsidiary of Kyanite Services, Inc., which is a wholly owned subsidiary of Pixel Acquisition Corp., which is, in turn, wholly owned by International Business Machines Corporation (NYSE: IBM) SETERUS' headquarters is in North Carolina, with an agent for service of civil process being CT Corporation System, 116 Pine St., Ste. 320, Harrisburg, PA 17101.  SETERUS is servicer of plaintiff's loan since June 2015 when it purchased the servicing rights for plaintiff's loan on or before June 2015.

8.      SETERUS is also a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## IV.   FACTS

9.     Plaintiff purchased the Property on 5138 North Kershaw, Philadelphia, PA (19131)("Property") for investment purposes and has occupied it as her residence since April 2016.

10.     On or about April 3, 2008 Plaintiff borrowed the sum of $60,000 from Bank of America, NA in the form of a mortgage Note ("Loan") that was secured by a Deed of Trust secured on the Property.  Pursuant to the terms of the note, Plaintiff would be in default on the Loan if she "d[id] not pay the full amount of each monthly payment on the date it was due." However, Plaintiff was permitted a grace period of 15 days from the Loan's monthly due date before any late fee was imposed upon her.

11.     On or about July 2015, plaintiff filed a chapter 13 bankruptcy petition in the United States Eastern District, Docket No. 15-15164, for among other financial reasons, to pay arrears then due on her mortgage loan.

12.     On February 24, 2016 the United States Bankruptcy Court for the Eastern District of Pennsylvania confirmed Plaintiff's reorganization plan.

13.     At all times since acquiring the servicing rights to Plaintiff's loan SETERUS was collecting and attempting to collect on behalf of another—i.e. Fannie Mae.

14.     On or about January 16, 2016, SETERUS filed a proof of claim in plaintiff's bankruptcy and represented to the Bankruptcy Court that plaintiff owed the sum of $2,141.64 for arrears on the account due for April through July 2015 ("the debt") which plaintiff committed to pay through her chapter 13 plan.

15.     On or about February 2016, SETERUS through a third party contractor changed the locks on the property without the right to do so and based on the inaccurate factual premise

declared by SETERUS that the property had been abandoned when in fact it was under renovation for plaintiff's anticipated occupancy of same and SETERUS was aware of these facts.

16.     Plaintiff re-occupied the property as her residence in April 2016.

17.     From March through August 2016, plaintiff on her own accord and through her bankruptcy counsel repeatedly disputed SETERUS' requests for permission to preserve the property insofar as plaintiff's occupancy and payment of post-petition mortgage payments rendered such preservation unnecessary.

18.     On or about July 2016, SETERUS filed a motion for relief from stay falsely alleging unpaid post-petition mortgage installments from April 1, 2016, through June 8, 2016 in the amount of $1,918.12.

19.     The Motion for Relief was granted for the mistaken lack of a filed response to the Motion despite the fact that Plaintiff paid all post-petition payments from August 2015 to the present and Seterus had retained all those payments as demonstrated in the following:

| Summary of Plaintiff's Post Petition Mortgage Payments to SETERUS by Plaintiff That SETERUS Has Retained on Behalf of Fannie Mae Related to Plaintiff's Loan | | | |
|---|---|---|---|
| Payment Month | Amount Due on Plaintiff's Loan | Date Plaintiff Tendered Payment | Sum Tendered by Plaintiff |
| August 2015 | 479.53 | 8/21/15 | 479.53 |
| September 2015 | 442.81 | 9/4/15 | 442.81 |
| October 2015 | 479.53 | 10/13/15 | 479.53 |
| November 2015 | 479.53 | 11/17/15 | 479.53 |
| December 2015 | 479.53 | 12/21/15 | 479.53 |
| January 2016 | 479.53 | 1/15/16 | 479.53 |
| February 2016 | 479.53 | 2/16/16 | 479.53 |
| March 2016 | 479.53 | 3/21/16 | 479.53 |
| April 2016 | 479.53 | 4/15/16 | 479.53 |
| May 2016 | 479.53 | 5/10/16 | 479.53 |
| June 2016 | 479.53 | 6/5/16 | 479.53 |
| July 2016 | 479.53 | 7/25/16 | 479.53 |
| August 2016 | 479.53 | 8/8/16 | 479.53 |
| September 2016 | 479.53 | 9/12/16 | 479.53 |
| October 2016 | 479.53 | 10/7/16 | 479.53 |

| Summary of Plaintiff's Post Petition Mortgage Payments to SETERUS by Plaintiff That SETERUS Has Retained on Behalf of Fannie Mae Related to Plaintiff's Loan | | |
|---|---|---|
| Payment Month | Amount Due on Plaintiff's Loan | Date Plaintiff Tendered Payment | Sum Tendered by Plaintiff |
| November 2016 | 479.53 | 11/4/16 | 479.53 |
| December 2016 | 479.53 | 12/5/16 | 479.53 |
| January 2017 | 479.53 | 1/12/17 | 479.53 |
| February 2017 | 479.53 | 2/16/17 | 479.53 |
| March 2017 | 479.53 | 3/9/17 | 479.53 |
| April 2017 | 479.53 | 4/3/17 | 479.53 |
| May 2017 | 479.53 | 5/9/17 | 479.53 |
| June 2017 | 479.53 | 6/12/17 | 479.53 |
| July 2017 | 479.53 | 7/11/17 | 479.53 |
| August 2017 | 479.53 | 8/14/17 | 479.53 |
| September 2017 | 479.53 | 9/11/17 | 479.53 |
| October 2017 | 479.53 | 10/10/17 | 479.53 |
| November 2017 | 479.53 | 11/07/17 | 479.53 |
| December 2017 | 479.53 | 12/5/17 | 479.53 |
| January 2018 | 479.53 | 1/3/18 | 479.53 |
| February 2018 | 479.53 | 2/5/18 | 479.53 |
| March 2018 | 479.53 | 3/6/18 | 479.53 |
| April 2018 | 479.53 | 4/2/18 | 479.53 |
| May 2018 | 479.53 | 5/2/18 | 479.53 |
| June 2018 | 479.53 | 6/3/18 | 479.53 |
| July 2018 | 479.53 | 7/4/18 | 479.53 |
| August 2018 | 479.53 | 8/1/18 | 479.53 |
| September 2018 | 479.53 | 9/1/18 | 479.53 |
| October 2018 | 479.53 | 10/3/18 | 479.53 |

20.     On or about November 2017, SETERUS sent plaintiff a pre-Foreclosure Notice inaccurately and without the right to do so which claimed Plaintiff owed $2,381 for unpaid post-petition mortgage installments from September through October 2017 plus $855 and $405 property inspection and preservation costs and late charges.

21.     Because she did not owe SETERUS any sums it represented to her in that notice and the collection attempt was in error, in December 2017, plaintiff sent SETERUS a Request for Information ("RFI") pursuant to RESPA requesting:

- 5 -

a) A payoff as of January 2, 2018;

b) A complete payment history from January 2015 to the present;

c) An explanation of $855 Property Preservation Costs and $405 Property Inspection Costs.

22.     On or about February 23, 2018, SETERUS responded to Plaintiff's RFI and misstated and misrepresented the following:

a) "...no payments were applied to the loan in April and May 2015 and the loan became two months delinquent as a result. When the loan transferred to Seterus on June 1, 2015 the loan remained two months delinquent for the April 1, 2017 contractual installment. Subsequent installments have been satisfied two months delinquent since that time."

b) "Property Inspections are ordered when a loan is more than 45 days delinquent, and every 30 days if the delinquency continues. These were drive-by inspections to see if the property was occupied and in good repair. The fee for this service was billed to Seterus by an outside contractor and then passed along to you as a condition of the signed Mortgage securing the loan."

c) "Due to the rolling contractual delinquency of the loan, Bank of America and Seterus exercised its right under the terms of the signed Mortgage to protect the loan owner's interest in the property and inspections were ordered. A property inspection fee of $15.00 was assessed to the account by Bank of America and transferred to Seterus unsatisfied. Additional property inspection and preservation fees totaling $1,305.00 were assessed to the loan by Seterus from June 2015 through February 2018."

d) "Upon completion of a property inspection, we were advised that the property appeared to be vacant. As a result, a request to secure the property was entered. As part of securing the property, the locks on the property were changed and landscaping was completed on July 18, 2015. The total amount of preservation and late fees open on the account assessed by Bank of America ($15.00) and Seterus ($1,446.14) are $1,461.14. However, after further review, it has been determined that preservation fees in the amount of $250.00 are not valid and they have been removed from the account, leaving an open preservation and late fee balance in the amount of $1,201.14."

23.    On or about January 3, 2018, SETERUS sent plaintiff a collection letter inaccurately alleging unitemized arrears of $2,779. These unitemized arrears were in fact not due and owing as demonstrated *supra*.

24.    On or about January 3, 2018, SETERUS sent plaintiff a collection letter inaccurately alleging unitemized arrears of $2,381. These unitemized arrears were in fact not due and owing as demonstrated *supra*.

25.    In April 2018, plaintiff sent SETERUS a follow up Request for Information ("RFI") requesting complete invoices documenting the alleged $1,260 due for inspection and preservation costs.

26.    Despite receiving additional documentation responsive to her April RFI, Plaintiff to date has received documentation of only $540 inspection and preservation costs billed to plaintiff's loan account from June 2015 through February 2018 for inspection/preservation fees. SETERUS has concealed from her any support for its February 23, 2018 suggestion that she owed it another $801 in property inspection fees.

27.    On or about May 2018, SETERUS sent plaintiff a pre-Foreclosure Notice inaccurately alleging $2,474 due consisting of unpaid post-petition mortgage installments from February through April 2018 plus $595 and $480 property inspection and preservation costs and late charges.

28.    In June 2018, plaintiff sent SETERUS a Notice of Error ("NOE") and second follow up Request for Information letter under RESPA requesting:

  a) Correction of any arrears because the alleged April and May 2015 arrears was included in and paid to SETERUS pursuant to its Proof of Claim and the Chapter 13 plan payments

  b) Cease and desist from default collection notices accordingly.

- 7 -

    c) Correction of the excessive aforesaid property inspection and property preservation/maintenance fees because there was no factual basis for SETERUS to believe the property was vacant and/or not in good condition due to repeated notices from plaintiff and her bankruptcy counsel from March 2016 through April 2017 that she was occupying the property rather than refunding only $260.00 as "not valid" without explanation.

29.    Pursuant to paragraph 9 of the Mortgage, SETERUS is only entitled to charge plaintiff's loan account for funds to protect and assess the value of the property if there is:

    a) A breach of the covenants and agreements in the Note and Mortgage,

    b) A legal proceeding involving the property that may significantly affect the SETERUS and the loan owner's interests in the property, or

    c) Abandonment of the property.

30.    None of the foregoing pretexts for SETERUS' contractual assessment of the aforesaid property inspection fees and appraisal charge existed before or after SETERUS' assessment existed.  SETERUS therefore, had no bona fide or contractual basis to assess plaintiff's loan account for property inspection fees.

31.    SETERUS never responded or took corrective action in response to plaintiff's June, 2018 NOE.

32.    SETERUS continues to assess the inspection fees and appraisal fees to Plaintiff without the right to do so since she has not (i) breached the covenants and agreements in the Note and Mortgage; (ii) there is no legal proceeding involving the property that may significantly affect the SETERUS and the loan owner's interests in the property, or (iii) the plaintiff has not abandoned the property.  These assessed sums are damages and losses wrongly incurred by the Plaintiff.

33.     On or about November 14, 2018, plaintiff sent to Defendants a certified letter dispute with attachments disputing reporting of the debt alleged by Seterus for delinquent loan payments and loan fees and charges as described previously herein.

34.     Defendants have failed to respond to plaintiff's dispute.

35.     Plaintiff has suffered severe emotional distress and anxiety as a result of SETERUS's inaccurate accounting of her loan, wrongful collection demands, and refusal to correct its accounting errors placing plaintiff in imminent fear of foreclosure for years inducing worry, anxiety, frustration, and nervousness.

## V.     CLASS ALLEGATIONS

36.     This action is properly brought on behalf of two classes, pursuant to Fed. R. Civ.P. 23(a) and 23(b). Named Plaintiff proposes the **Inspection Class** be defined as follows:

> Those persons in the Commonwealth of Pennsylvania for whom SETERUS has acted as a mortgage servicer on behalf of another, including Fannie Mae, within the three (3) years before the commencement of this action, and SETERUS has charged their mortgage accounts with property inspection fees and costs but (i) there had been no breach of the covenants and agreements in the Note and Mortgage entered into by the person and the person was were current on his/her mortgage accounts; (ii) there was no legal proceeding involving the person's property that affected SETERUS' and the loan owner's interests in the property, or (iii) the property was not abandoned.

37.     The members of the **Inspection Class** are capable of being identified without difficult managerial or administrative problems. SETERUS maintains electronic records that tracks information about borrowers, their loans and any correspondence sent to borrowers so it is able to identify particular categories of borrowers from its electronic systems. Fannie Mae also requires SETERUS (and SETERUS utilizes) standard forms and procedures related to the payoff statements sent to borrowers.

38.     The **Inspection Class** members are sufficiently numerous that individual joinder of all members is impractical.   According to public records, SETERUS is the servicer for thousands of mortgage loans, including loans owned by Fannie Mae, throughout the United States and Pennsylvania in the last three years preceding the commencement of this action.

39.     There are questions of law and fact common to the **Inspection Class** which predominate over any questions affecting only individual members of the **Inspection Class** and, in fact, the wrongs alleged against SETERUS by the **Inspection Class** members and the remedies sought by **Inspection Class** members against SETERUS are identical, the only difference being the exact monetary sum to which each **Inspection Class** member is entitled to receive from SETERUS.

40.     The common issues related to the **Inspection Class** members include, but are certainly not limited to:

i.      Whether SETERUS is entitled to demand property preservation and/or inspection fees on the mortgage accounts of the **Inspection Class** when the Named Plaintiff and **Inspection Class** Members had not (i) breached the covenants and agreements in the Note and Mortgage and were current on their mortgage accounts; (ii) there was no legal proceeding involving the property that may significantly affect the SETERUS and the loan owner's interests in the property, or (iii) the property was not abandoned by the Named Plaintiff and **Inspection Class** members;

ii.     Whether SETERUS threatened or took actions against the **Inspection Class** members, including actions under the color of law or which were otherwise unfair and deceptive, that it had no legal or equitable right to take;

iii.   Whether SETERUS acted unfairly and deceptive in regards to the **Inspection Class** members by knowingly misrepresenting that it was entitled to assess property preservation fees against the mortgage accounts of the of the **Inspection Class** members even when (i) there had been no breach of the covenants and agreements in the Note and Mortgage and the Named Plaintiff and Inspection Class members were current on their mortgage accounts; (ii) there was no legal proceeding involving the property that may significantly affect the SETERUS and the loan owner's interests in the property, or (iii) the property was not abandoned by the Named Plaintiff and **Inspection Class** members;

iv.   Whether SETERUS merely booked entries related to unauthorized inspection fees in favor of itself which do not actually represent actual payments or liabilities from the Named Plaintiff and Inspection Class members;

v.   What is the sum of fees and charges collected by SETERUS from the Named Plaintiff and Inspection Class members during the class period before the commencement of this action; and

vi.   Whether SETERUS profited from the assessment of improper inspection fees against the accounts of the Named Plaintiff and the **Inspection Class** members and what sum of profits it realized.

41.   Named Plaintiff's legal and equitable claims are typical and the same or identical for each of the member of the **Inspection Class** and will be based on the same legal and factual theories identified *supra*.

42.    SETERUS' defenses (which defenses are denied) would be typical and the same or identical for each of the member of the **Inspection Class** and will be based on the same legal and factual theories.

43.    The Named Plaintiff will also fairly and adequately represent and protect the interests of the **Inspection Class** members.  Named Plaintiff has retained counsel experienced in consumer class actions including actions involving unlawful collection and mortgage servicing practices.  Named Plaintiff does not have any interests which might cause her not to vigorously prosecute this action or are otherwise adverse to the interests of the members of the **Inspection Class**.

44.    Certification of the **Inspection Class** under Fed. R. Civ.P. 23(a) and 23(b) for the injunctive and declaratory relief sought and for the damages claims in that common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy.   A class action will cause an orderly and expeditious administration of claims by the **Inspection Class** members, and economies of time, effort and expenses will be fostered and uniformity of decisions will be insured.

45.    The only individual questions concern the identification of the **Inspection Class** members who are entitled to any sums and profits that SETERUS is ordered to disgorge as the fruit of its unlawful activities or share in any statutory and actual damages permitted by law against SETERUS. This information can be determined by a ministerial examination of the Defendants' business records or other sources, which are admissible as an exception to the hearsay rule and as a statement by a party.

46.    Plaintiff's claims are typical of the claims of the **Inspection Class** members.

47.     Plaintiff will fairly and adequately protect the interests of all **Inspection Class** members in the prosecution of this action. The Named Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the **Inspection Class** she seeks to represent. The Named Plaintiff (i) feels that she has been wronged, (ii) wishes to obtain redress of the wrong, and (iii) wants Defendant stopped from enriching themselves from illegal fees or otherwise perpetrating similar wrongs on others.

48.     The **Inspection Class** members have suffered damages, losses, and harm similar those sustained by the Named Plaintiff and described above.

## VI.    CAUSES OF ACTION

### COUNT I - FAIR CREDIT REPORTING ACT
### (Plaintiff v. SETERUS)

49.     All paragraphs above are re-alleged as though fully set forth herein.

50.     At all times material herein, Plaintiff is a consumer as that term is defined by 15 U.S.C. §1681a(c).

51.     SETERUS reported negative, misleading, and derogatory information to the credit bureaus by reporting the debt as charged off rather than current, as four separate loans rather than two, and failed to report completely payments made by plaintiff towards the debt.

52.     Plaintiff has repeatedly contacted SETERUS, both directly and through disputes to the Agencies, to dispute the information furnished to the credit bureaus, requesting that the false, negative and derogatory credit reporting be removed.

53.     SETERUS, instead of correcting the inaccurate reporting, re-verified it.

54.     SETERUS is still reporting false and inaccurate information as of the date of this complaint.

55.     At all times relevant hereto, SETERUS knew or should have known that it was

reporting false, inaccurate, and derogatory information about plaintiff

56.     Pursuant to 15 U.S.C. §1681s-2(b), a furnisher of information has a duty upon notice of dispute to conduct a proper investigation with respect to the disputed information and report the results of the investigation to the consumer reporting agency.

57.     SETERUS failed to conduct a reasonable and adequate investigation or reinvestigation.

58.     SETERUS has willfully and/or negligently failed and refused to remove the inaccurate credit information, but instead is misusing the credit reporting system as a club to coerce payment of a debt not lawfully due or owing.

59.     SETERUS has violated the Fair Credit Reporting Act by willfully and/or negligently failing to comply with the requirements imposed under 15 U.S.C. §1681s-2(b), including the failure to fully and properly investigate plaintiff's dispute and by failing to correctly report to each of the credit bureaus.

60.     As a result of SETERUS's willful, wanton, reckless, and/or negligent action, plaintiff has been damaged.

61.     Plaintiff has suffered mental and emotional distress, worry, humiliation, embarrassment and damage to reputation as a result of said defendant's actions.

62.     Plaintiff has suffered pecuniary loss, suffered credit damages and expended significant time and effort trying to correct his credit report.

## COUNT II – BREACH OF CONTRACT – CLASS CLAIM
### (Plaintiff on behalf of the INSPECTION FEES CLASS)

63.     Plaintiff incorporates all prior paragraphs herein.

64. Defendant have materially breached the terms of the Named Plaintiff's and Inspection Class member's notes and mortgages (and deeds of trusts) by charging inspection costs and fees against the mortgage accounts of the Named Plaintiffs and Inspection Class member's loan accounts when (i) there had been no breach of the covenants and agreements in the Note and Mortgage entered into by the person and the person was were current on his/her mortgage accounts; (ii) there was no legal proceeding involving the person's property that affected SETERUS' interests in the property, or (iii) the property was not abandoned.

65. Plaintiffs have suffered damages as a result of the Defendant's breach of contract in the form of sums now claimed due an collected from them by the Defendant related to unauthorized inspection fees and costs.

## COUNT III – UNJUST ENRICHMENT – CLASS CLAIM
### (Plaintiff on behalf of the INSPECTION FEES CLASS Only)

66. Plaintiff incorporates all prior paragraphs herein.

67. Defendant SETERUS was not entitled to receive any benefit (including profits) or payments from the Named Plaintiff and **Inspection Fees Class** members as a result of any so-called property inspection fees or preservation fees assessed the accounts of the Named Plaintiff and the **Inspection Fees Class** members.

68. At all times relevant and material to this action in the four (4) years before the commencement of this action, SETERUS has known or should have known that is was not permitted to claim it was entitled to access or collect inspection fees from the Named Plaintiff and the **Inspection Fees Class** members' mortgage accounts since (i) there had been no breach of the covenants and agreements in the Note and Mortgage entered into by the Plaintiff and the Inspection Fees Class members since they were current on his/her mortgage accounts; (ii) there was no legal proceeding involving the person's property that affected SETERUS' or the

mortgage loan owners' interests in the related properties, or (iii) the related properties were not abandoned.

69.     Due to its knowledge, as described above, SETERUS had an appreciation that it was not entitled to receive the benefits it was collecting from the Named Plaintiff and **Inspection Fees Class** members that flow from the property inspection fees it assessed on their accounts.

70.     The acceptance and retention by SETERUS of any sums received as a result of the illegal property inspection fees charged by it against the Named Plaintiff's and Inspection Fees Class member accounts under such circumstances is inequitable since SETERUS did not have the legal right to even demand or collect such payments in the first instance in the manner it sought to collect them—this conclusion is just and proper even though SETERUS might have otherwise collected the alleged fees from another but not the borrower.

71.     The amounts accepted and charged by SETERUS from the Named Plaintiff and the **Inspection Fees Class** members are liquidated amounts.

72.     As a result of SETERUS' collection of improper inspection fees from the Named Plaintiff and the Inspection Fees Class members not lawfully due, SETERUS has been unjustly enriched.

## JURY DEMAND

Plaintiff demands trial by jury.

## PRAYER FOR DAMAGES

Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. For Named Plaintiff,

B. For Named Plaintiff, **Inspection Class** Members Members against both Defendants:

1. Certify this case as a class action with the Named Plaintiff as class representative and her attorneys as class counsel on behalf of the **Inspection Class** members described herein;

2. Grant a money judgment in favor of the Named Plaintiff and the **Inspection Class** members for the Defendant's breach of contract, the amount sought on behalf of the class is in excess of $75,000.00;

3. Grant a further money judgment in favor of the Named Plaintiff and the **Inspection Class** members in an amount in excess of $75,000.00 for restitutionary damages to prevent SETERUS' unjust enrichment pursuant to *Umbelina v. Adams*, 34 A.3d 151, 161 (2011);

4. Award reasonable attorney's fees, litigation expenses and costs; and

5. Provide such other or further relief as the Court deems appropriate.

C. For plaintiff individually under the FCRA:

1. Pursuant to 15 U.S.C. § 1681n(a) (1) (A), award actual damages, or not less than $100 and not more than $1,000 for the impermissible access of his credit report, whichever is greater;

2. Pursuant to 15 U.S.C. § 1681n(a) (2), award such punitive damages as the Court deems appropriate;

3. Pursuant to 15 U.S.C. § 1681n(a) (3), award costs of the action and reasonable attorney fees; and

4. Grant such other and further relief as the court deems just and proper.

Dated: January 15, 2019

Robert P. Cocco, P.C.
Attorney for Plaintiff
By:  Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 351-0200
rcocco@rcn.com

Attorney for Plaintiff