IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA WHITEFIELD,<br>                          Plaintiff,<br>     v.<br><br>NATIONSTAR MORTGAGE, LLC<br>s/b/m to Seterus, Inc.,<br>                         Defendant. | CIVIL ACTION NO. 19-217 |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                                              **January 15, 2020**

Plaintiff Andrea Whitefield, through counsel, has sued Defendant Seterus, Inc.,[1] her mortgage loan servicer, for violations of the Fair Credit Reporting Act, breach of contract, and unjust enrichment. She seeks to bring both the breach of contract claim and the unjust enrichment claim on behalf of a class of similarly situated borrowers. Defendant has moved to dismiss the breach of contract and unjust enrichment claims.

### I.    BACKGROUND

In 2008, Plaintiff bought a home in Philadelphia, borrowing $60,000 from Bank of America in the form of a mortgage note secured by a deed of trust on the property.[2] About seven years later, Defendant began servicing that loan.[3] Shortly thereafter, Plaintiff filed for chapter 13 bankruptcy.[4] Plaintiff's arrears on the mortgage were part of the chapter 13 reorganization plan.[5]

---

[1] Seterus, Inc. was sold to Nationstar Mortgage, LLC d/b/a Mr. Cooper on February 28, 2019. The parties have continued to refer to Defendant as "Seterus, Inc."

[2] Amend. Compl. ¶¶ 9–10.

[3] *Id.* ¶ 7.

[4] *Id.* ¶ 11.

[5] *Id.* ¶¶ 14, 19.

1

Plaintiff alleges that she has remained current on her mortgage payments since the reorganization.[6]

Over the following several years, Plaintiff alleges, Defendant assessed a number of fees in violation of the terms of the mortgage. While Plaintiff was renovating the property, Defendant allegedly declared it abandoned and had the locks changed. It also assessed fees for property inspection and preservation, as well as late charges, on the allegedly false premise that the loan was two months delinquent. The mortgage permits such fees only if there is (1) a breach of the covenants and agreements in the note and mortgage, (2) a legal proceeding involving the property that may significantly affect the servicer or owner's interests in the property, or (3) abandonment of the property.[7] Plaintiff alleges that none of those conditions were met.[8]

Plaintiff disputed Defendant's preservation efforts and fees directly and through her bankruptcy counsel and also wrote to Defendant pursuant to the Real Estate Settlement Procedures Act ("RESPA") asserting these errors and requesting more information.[9] When Defendant did not take corrective action,[10] Plaintiff filed this lawsuit.

## II.     BREACH OF CONTRACT CLAIM

Plaintiff alleges that Defendant breached the mortgage agreement by assessing fees that were not permitted under that agreement. Defendant moves to dismiss this claim on mootness grounds.

---

[6] *Id.* ¶ 19.

[7] *Id.* ¶ 29.

[8] *Id.* ¶ 30.

[9] *Id.* ¶¶ 17, 21, 28, 33.

[10] *Id.* ¶ 31.

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed if the court lacks subject matter jurisdiction to hear the claim.[11] A motion to dismiss for lack of standing is "properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter."[12] The first step in evaluating a motion under Rule 12(b)(1) is to "determine whether the movant presents a facial or factual attack."[13] A facial challenge "considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court."[14] A factual challenge, by contrast, "contests the truth of the jurisdictional allegations."[15]

Defendant asserts that it has refunded the disputed fees.[16] Defendant's motion to dismiss the contract claim is therefore a factual challenge because it asserts that the allegations that originally gave Plaintiff standing—that Defendant charged her fees to which it was not entitled under the mortgage—are no longer true. Accordingly, the Court will consider the Declaration Defendant submitted with its Motion to Dismiss, which purports to substantiate those refunds.[17]

Parties must have a personal stake in the outcome of a case at every stage of the litigation.[18] A case becomes moot "when . . . the parties lack a legally cognizable interest in the outcome."[19] In turn, when a plaintiff seeks to represent a class of similarly situated individuals,

---

[11] *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).

[12] *Id.* (quoting *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007)).

[13] *Id.*

[14] *Long v. Se. Pennsylvania Transportation Auth.*, 903 F.3d 312, 320 (3d Cir. 2018).

[15] *Id.*

[16] Def.'s Mem. Supp. Mot. to Dismiss [Doc. No. 14] at 1.

[17] *Id.* at Ex. 1.

[18] *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013).

[19] *Richardson v. Bledsoe*, 829 F.3d 273, 278 (3d Cir. 2016) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)).

the general rule is that "the mooting of [the] named plaintiff's claims prior to class certification moots the entire case."[20]

Plaintiff had raised the issue of the disputed fees with Defendant before suing to no avail. Since she filed this suit, however, Defendant has credited back to Plaintiff's account all the disputed fees. Defendant contends that Plaintiff's individual contract claim is therefore moot, because Plaintiff has already gotten all the relief she could be entitled to.

Plaintiff appears to concede that her individual contract claim is moot, and the Court agrees.[21] The concept of mootness, however, is "more 'flexible' than other justiciability requirements, especially in the context of class action litigation."[22] "[W]hen a plaintiff's individual claim for relief is 'acutely susceptible to mootness' by the actions of a defendant, that plaintiff may continue to represent the class he is seeking to certify even if his individual claim has been mooted by actions of the defendant."[23] This is referred to as the "picking-off exception" to mootness. It applies where a defendant can indefinitely prevent class certification by repeatedly "'buy[ing] off' the small individual claims of the named plaintiffs," defeating the goals of Rule 23.[24]

This is a paradigmatic case of picking off for four reasons. First, Plaintiff's claim became moot through Defendant's conduct—here, Defendant's crediting back of the disputed fees.[25]

---

[20] *Hering v. Walgreens Boots Alliance, Inc.*, 341 F. Supp. 3d 412, 418 (M.D. Pa. 2018); *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 135 (3d Cir. 2000).

[21] *See* Jolly Decl. [Doc. No. 14-1], ¶¶ 6–9.

[22] *Richardson*, 829 F.3d at 278 (quoting *Geraghty*, 445 U.S. at 400).

[23] *Id.* at 279 (quoting *Weiss v. Regal Collections*, 385 F.3d 337, 347–48 (3d Cir. 2004), *rev'd on other grounds*, *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016)).

[24] *Id.* at 284–85 (quoting *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091 (9th Cir. 2011)).

[25] *See Hering*, 341 F. Supp. 3d 412, 418 (M.D. Pa. 2018) (finding that the picking-off exception did not apply where plaintiff's claims became moot because the court partially granted a motion to dismiss, not because of any action by the defendants).

Second, Defendant offered Plaintiff the complete relief she seeks only after she filed this lawsuit styled as a class action.[26] Third, Plaintiff's individual claim is relatively small; it is likely that litigating a class certification motion would cost Defendant more than picking off individual plaintiffs as they come. Fourth, and similarly, because of the nature of the claims here—disputed fees charged to a loan account—Defendant was able to moot Plaintiff's claims unilaterally and without actually writing a check.[27] All Defendant had to do was clear from her account charges that Plaintiff alleges Defendant was not entitled to anyway, and Plaintiff had no opportunity to refuse this "settlement."[28] In other words, this is an even clearer case than the typical picking-off scenario, where a defendant makes a settlement offer that the plaintiff may accept or reject.[29]

Because the picking-off exception applies, the class claims are not mooted by Defendant's decision to clear the disputed charges from Plaintiff's account. Accordingly, Plaintiff's breach of contract claim may proceed.

### III.   UNJUST ENRICHMENT CLAIM

Plaintiff also asserts an unjust enrichment claim based on the assessment and retention of the fees. Defendant has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to

---

[26] *See* Def.'s Mem. Supp. Mot. to Dismiss [Doc. No. 14] at 1 ("*Upon reviewing the Complaint*, [Defendant] reversed all of the disputed fees that had been charged to Plaintiff's mortgage account." (emphasis added)).

[27] *Cf. Richardson*, 829 F.3d at 276.

[28] Defendant cites *Heard v. U.S. Soc. Sec. Admin.*, 170 F. Supp. 124 (D.D.C. 2016), as holding that the picking-off exception does not apply where a defendant merely "engaged its internal procedures to address plaintiffs' administrative complaints" and issued a refund of the disputed amounts of money, *id.* at 135. The court's conclusion there was far more limited and fact-bound than Defendant acknowledges, however, and in any event, the court appeared to recognize that *Weiss*, which is binding on this Court, could compel the opposite result.

[29] *See Weiss*, 385 F.3d at 344.

demonstrate that he is entitled to relief.[30] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[31] Courts are not, however, bound to accept as true legal conclusions framed as factual allegations.[32] Something more than a mere *possibility* of a claim must be alleged; a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[33] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[34]

In Pennsylvania, "the quasi-contractual doctrine of unjust enrichment is inapplicable when the relationship between parties is founded on a written agreement or express contract."[35] Here, the note and mortgage govern the relationship between the parties, including the permissibility of the disputed fees: The mortgage agreement includes terms that permit Defendant to assess inspection and preservation fees only in certain situations.[36]

Plaintiff cites the Restatement (Third) of Restitution and Unjust Enrichment, which Pennsylvania has adopted, as supporting her assertion of an unjust enrichment claim here. The Restatement explains that when one party to a contract makes a demand of the other that is

---

[30] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007).

[31] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[32] *Twombly*, 550 U.S. at 555, 564.

[33] *Id.* at 570.

[34] *Id.* at 562 (internal quotation marks and citations omitted).

[35] *Umbelina v. Adams*, 34 A.3d 151, 162 n.4 (Pa. Super. 2011) (quoting *Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 896 (Pa. Super. 2011)); *Benefit Tr. Life Ins. Co. v. Union Nat'l Bank of Pittsburgh*, 776 F.2d 1174, 1177 (3d Cir. 1985); *Constar, Inc. v. Nat'l Distrib. Ctrs., Inc.*, 101 F. Supp. 2d 319, 324 (E.D. Pa. 2000) ("[W]here an express contract governs the relationship of the parties, a party's recovery is limited to the measure provided in the express contract, [and] . . . there can be no recovery under a quantum meruit theory.").

[36] Amend. Compl. ¶ 29; *see Harris v. Homecomings Fin. Servs., Inc./Bank One*, 377 F. App'x 240, 244 (3d Cir. 2010) (applying Pennsylvania rule where parties' relationship was based on mortgage and loan note).

unjustified under the contract, and the other accedes because the demand cannot be contested before it is due, a claim in restitution can be made:

> Where a valid contract defines the scope of the parties' respective performance obligations, a performance in excess of contractual requirements—neither gratuitous, nor pursuant to compromise—results in the unjustified enrichment of the recipient and a prima facie claim in restitution. . . . Faced with the impossibility, in many circumstances, of obtaining a determination of the parties' rights and obligations before the claimed performance is due, and failing a compromise, a contracting party may be compelled by circumstances to render a performance to which the other is not entitled. Compulsion frequently lies in the fact that the alternative course of action—rejecting the other party's demand before the requirements of the contract can be judicially determined—would expose the claimant to a risk of loss or liability whose expected value exceeds the amount in controversy. . . . The common-sense solution to this dilemma—allowing performance with reservation of rights—promotes justice and efficiency.[37]

While this principle might support an unjust enrichment claim here in the abstract, it is not responsive to the Pennsylvania rule Defendant invokes, which provides that unjust enrichment is not an available theory of recovery when the parties' relationship is based on a contract.[38]

Plaintiff also argues that she is entitled to a restitutionary recovery on a theory of mistake of law. It is not clear whether, under Pennsylvania law, mistake of law is a separate claim in its own right, in which case the rule foreclosing claims where there is a contract might not apply, or merely an alternate theory for an unjust enrichment claim. In any event, however, the mistake that Plaintiff identifies as justifying restitution—that Plaintiff was in default on her mortgage obligation—is not a mistake of law. It is a

---

[37] RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 35 cmt. a (AM. LAW INST. 2011).

[38] *See Grudkowski v. Foremost Ins. Co.*, 556 F. App'x 165, 170 n.8 (3d Cir. 2014) ("Pleading in the alternative under [Federal Rule of Civil Procedure] 8(d)(2) is, of course, permissible, but pleading both breach of contract and unjust enrichment is plausible only when the validity of the contract itself is actually disputed." (internal citations omitted)).

mistake of fact.[39] Even on her own theory, then, this cannot save Plaintiff's unjust enrichment claim.

## IV. CONCLUSION

Although Plaintiff's individual claim for breach of contract is moot, she may nevertheless seek to represent a class of similarly situated borrowers. Plaintiff may seek class certification "[a]t an early practicable time" despite the mootness of her individual claim.[40] Plaintiff's unjust enrichment claim, however, will be dismissed with prejudice.

---

[39] *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1255 (Pa. 2006) ("This Court has defined 'mistake of law' as meaning 'a mistake as to the legal consequences of an assumed state of facts.'" (quoting *Betta v. Smith et al.*, 81 A.2d 538, 539 (Pa. 1951)).

[40] Fed. R. Civ. P. 23(c)(1)(A). The picking-off exception applies to save class claims from mootness "only in situations where the mooting of the individual claim 'occurred at so early a point in litigation that the named plaintiff could not have been expected to file a class certification motion.'" *Richardson*, 829 F.3d at 286 (quoting *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011)). When a plaintiff unduly delays moving for class certification, the picking-off exception may not rescue the class claims. Defendant wisely has not argued that that is the case here, since any delay was likely attributable to the three stipulated extensions of time Defendant received to respond to the Complaint. *See* Doc. Nos. 5, 7, 9.